UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NICKOLAS PIPPEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-162 PS |
| | ) | |
| THE TRUTH NEWSPAPER, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Nickolas Pippen, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In his complaint, Mr. Pippen states that Justin Leighty, a reporter with The Truth Newspaper, printed inaccurate, careless, and irresponsible remarks about Mr. Pippen. Specifically, Mr. Pippen states that Mr. Leighty reported that Mr. Pippen had testified against Tyrone Morris in a criminal case, when in fact he had not. Mr. Pippen alleges that the inaccurate and slanderous reporting not only was false, but also threatened his safety and security.

Mr. Pippen's only allegations are that the Defendants, The Truth Newspaper and Truth Publishing Company, slandered him. However, slander is not actionable under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."). *See also Batagiannis v. W. Lafayette Cmty. School Corp.*, 454 F.3d 738, 742 (7th Cir. 2006) (stating that there is no constitutional right to be free of defamation). In addition, none of the defendants that Mr. Pippen has sued are state actors who acted under the color of state law. Federal jurisdiction does not exist over a slander action between two citizens of the same state. 28 U.S.C. § 1332. As a result, Mr. Pippen's complaint fails to state a claim upon which relief may be granted and should be dismissed.

For the forgoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: April 12, 2007

s/ Philip P. Simon<br>
PHILIP P. SIMON, JUDGE<br>
UNITED STATES DISTRICT COURT